**United States Department of Justice**

*United States Attorney*
*Northern District of New York*

*100 South Clinton Street, P.O. Box 7198*
*James M. Hanley Federal Building*
*Syracuse, New York 13261-7198*

*Tel.: (315) 448-0672*
*Fax: (315) 448-0646*

November 9, 2026

Hon. Miroslav Lovric
U.S. Magistrate Judge
Federal Building and U.S. Courthouse
15 Henry Street
Binghamton, NY 13901

**Re:** ***United States v. Real property commonly known as 4223 State Highway 30, et al.***
**Civil No.: 1:24-cv-1501(LEK/ML)**

Dear Judge Lovric:

The letter is respectfully submitted pursuant to the Court's text order directing the parties to file detailed status reports by November 9, 2026. Dkt. No. 107. The government has yet to receive complete discovery responses. A copy of Mr. Fisher's latest response dated November 4, 2026, and received via email on November 6, 2026, is attached hereto as Exhibit 1. The government has not received a signed authorization from Robert Fisher to obtain his relevant tax returns. As is detailed below, the responses received by the government are still insufficient for several reasons. Additionally, the responses are not submitted under oath and are not signed.

**I. <u>The government has not received tax authorizations.</u>**

As was set forth on the record at the conference on October 26, 2026, claimant Robert Fisher was to provide a signed authorization for the government to obtain his tax returns by October 30, 2026.

The discovery sought by the government in this case is relatively routine and straightforward. But for Robert Fisher's repeated dilatory conduct in refusing to provide relevant information, these discovery requests would not warrant multiple conferences with the Court. The last time I handled a case where a party had to provide a signed authorization for a tax return was in 2022. Immediately after the conference on October 26, 2026, I reached out to colleagues to ensure that I was using the correct IRS form. In researching the issue, there are two forms that look like they might be sufficient, IRS Form 8821 and IRS Form 4506. The guidance I received was that the IRS would accept Form 4506 in this situation. On November 2, 2026 at 3:43 PM, I emailed Mr. Fisher Form 4506 with as much pre-filled in information as was possible. There was some other information, including a social security number, which only Mr. Fisher could provide. On November 2, 2026, at 3:47 PM, I received a telephone call from Mr. Fisher with Ryan Passino in

the background.[1] As I have reiterated to Mr. Fisher on several occasions, our telephone calls have tended to not result in productive conversation. This telephone call was memorialized in a contemporaneous email sent by me to Mr. Fisher at 3:51 PM on November 2, 2026.

Mr. Fisher has still not provided the signed authorizations. On November 6, 2026, I clarified for Mr. Fisher that there is no fee for him to pay. Mr. Fisher's position appears to be that since I did not send him the authorization until November 2, 2026, he no longer has to provide it. First, I take responsibility for not sending it until November 2, 2026. I wanted to make certain that the form provided to Mr. Fisher was correct. Mr. Fisher's position is bordering on frivolous and part of a larger pattern of behavior designed to frustrate the discovery process.

**II. <u>Mr. Fisher's interrogatory responses are still insufficient.</u>**

As noted, a copy of Mr. Fisher's supplemental responses are attached hereto as Exhibit. These responses do not address the deficiencies. Dkt No. 102. Mr. Fisher simply ignores requested information he does not want to provide. With regard to the tax information, he says he has answered to the best of knowledge. This is simply not correct. He still has not provided a response.

**III. <u>The record is clear that Mr. Fisher has refused to engage in the discovery process.</u>**

At this point, the record is clear that Mr. Fisher has refused to engage in the discovery process from the outset of this case. As was detailed in the government's March 5, 2026 status report, Mr. Fisher refused to meaningfully discuss a proposed scheduling order. Dkt No. 74.

On May 8, 2026, the government served their first set of interrogatories and requests for production. On May 20, 2026, Mr. Fisher and I discussed those requests via telephone. At that time, he informed me that he had not decided whether he was going to respond. I attempted to explain to him that simply not responding was not an option. This conversation was memorialized via a contemporaneous email.

On July 15, 2026, the government followed up with Mr. Fisher via email after not receiving responses. At that time, he advised that he was "still waiting for the information from the lending companies."

On August 6, 2026, the government requested that Mr. Fisher provide a timeline for these discovery responses. On August 11, 2026, Mr. Fisher responded with a lengthy narrative about the case that did not address the discovery responses at all.

---

[1] Mr. Fisher's timeline in his status report differs. The time of this email and phone call are taken from my time stamped email and my time stamped phone log. The timing of the email and the phone call are not relevant and thus are presented without further comment.

On September 11, 2026, a discovery conference was held. The parties were directed to complete documentary discovery by October 13, 2026. Dkt. No. 98.

The government received Mr. Fisher's initial responses to the first set of interrogatories and request for production of documents on October 14, 2026. On that same date, I sent Mr. Fisher a letter via email detailing the deficient responses. The next day, October 15, 2026, Mr. Fisher sent me a lengthy email that did not address discovery issues. I followed up with Mr. Fisher and specifically requested him to advise if he was going to supplement his discovery responses. Once again, his response did not address discovery. At that point, the government submitted a status report detailing the disputed discovery and requesting a court conference. Dkt. No. 102.

Another conference was held on October 26, 2026 and the Court issued a text order with deadlines. Dkt. No. 107. When the government received responses which were still deficient, I immediately reached out to Mr. Fisher via email on November 6, 2026. I specifically asked him if he was refusing to sign the authorization form. Mr. Fisher's response was that he would ask his tax account and get back to me. This is not a sufficient response.

## IV. <u>Mr. Fisher's continual ad hominem attacks on counsel and the Court are inappropriate.</u>

Rather than meaningfully engage in the discovery process, Mr. Fisher has continually resorted to ad hominem attacks on counsel and the Court. Anyone who doesn't immediately capitulate to Mr. Fisher's demands are met with repeated personal attacks and baseless accusations.

When the government rejected Mr. Fisher's settlement offer in late March 2026, between March 28 and April 2, 2026, Mr. Fisher sent at least 28 punctuation-free, profanity laden emails and left several insulting voicemail messages at the U.S. Attorney's Office. Dkt. No. 79.

When Mr. Fisher's motion to dismiss the case was denied on September 22, 2026, Mr. Fisher emailed me the following: "You're just a lying piece of shit you can't beat a stacked deck. Crooked bastards."

Mr. Fisher's October 23, 2026 status report contains a litany of attacks. Dkt. No. 106.[2] Another AUSA and I are referred to as "lying little piss pots." The letter also refers to us as "inexperienced [and] immature." The letter contains baseless accusations against myself and Judge Kahn. Mr. Fisher has also attempted to make disparaging comments about me on the record during discovery conferences.

---

[2] Upon information and belief, this letter was written by Robert Fisher. However, the letter is signed by all three pro se claimants and thus all three are responsible for its contents.

These abusive submissions have no place in a Court of law. Continued offensive, abusive, and insulting language is grounds for striking a pleading. *Koehl v. Bernstein* 740 F.3d 860, 863 (2d Cir. 2014)

V. **Claimants have filed third motion to dismiss.**

The claimants have submitted another motion to dismiss. Dkt. No. 110. This is the claimants' third motion to dismiss this case. Dkt. No. 88 and 29. The first two have been denied. Dkt no. 99 and 46. The most recent motion to dismiss is essentially a refiling of docket number 88. The government intends to cross move for an order of interlocutory sale. Contrary to claimants' assertions, this case has dragged on for far too long because of claimants' duplicative motions and failure to respond to discovery. The order for interlocutory sale is warranted under Supplemental Rule G(7)(b).

**VI. The government is not consenting to claimants inspecting the cars.**

Claimants have never served the government with a proper demand for this relief. Contrary to their assertion, they do not have a "right" to this relief.

Mr. Fisher has made repeated reference to registration, titles, and ownership paperwork. At various times, he has made outlandish claims about this paperwork. I still am unclear about exactly what paperwork to which he refers.

I write briefly to make the record more clear about matters to which Mr. Fisher refers. In addition to the vehicles which are the subject of this action, the government seized additional vehicles from claimants. Those additional vehicles were not included in this action because they were returned to claimants. The registration, titles, and other related ownership paperwork for the vehicles that were returned were sent to Attorney Thomas Capezza.[3] For the vehicles which are subject to this action, that original paperwork was not returned to claimants. Mr. Fisher has repeatedly made reference to this paperwork as an excuse for not responding to discovery. It is unclear to me how registration and titles are going to help Mr. Fisher answer questions about the source of the money to purchase these vehicles.

---

[3] Mr. Capezza was then representing claimants. He also appeared in this action on behalf of claimants but has since been relieved as counsel.

Respectfully submitted,

TODD BLANCHE
Attorney General

JOHN A. SARCONE III
First Assistant United States Attorney

By: *\/s/Jeffrey D. Brown*
Jeffrey D. Brown
Assistant United States Attorney
Bar Roll No. 707241

cc: Robert Fisher, *pro se* (via U.S. mail and email)
4223 State Highway 30 Amsterdam, NY 12010

Ryan Passino, *pro se* (via U.S. mail)
4223 State Highway 30 Amsterdam, NY 12010

Jacquelyn Fisher, *pro se* (via U.S. mail and email)
4223 State Highway 30 Amsterdam, NY 12010

**<u>Exhibit 1</u>**

---

United States v. Real property commonly known as 4223 State Highway 30, et al.
Civil No.: 1:24-cv-1501(LEK/ML)

November 4, 2026

Hon. Miroslav Lovric, U.S. Magistrate Judge
Federal Building and U.S. Courthouse
13 Henry Street
Binghamton, NY 13901
Re: United States v. Real Property
Commonly known as State Highway 30,
Amsterdam, New York 12010
(1:24-cv-01501)

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

**CASE NO: 1:24-cv-01501**

**UNITED STATES OF AMERICA,**
*Plaintiff,*

*V.*

*Real Property Commonly known as 4223 State Highway 30, Amsterdam, New York 12010; et al,*

*Defendant Property.*

In response to your interrogatory questions, as to where and who I bought each vehicle from that you are holding, we do not have the registrations, titles, and previous ownership paperwork because the government seized all of that on July 1, 2024. WIth the exclusion of the following: 2019 F550 Flatbed, 2017 F250 Ford Pickup, Kubota Tractor, the mower on the back of the Kubota tractor, and 1972 Chevy C-10 Truck and I paid cash for the 1972 Chevy C-10 truck. Jackie had one car purchased by Gladys Griffith which was traded in because the car was a lemon and another car was purchased and I put down $10,000 which was proven through my checkbook. Alex Wentworth-Ping and I have already been over this thoroughly. I put a lot of money into the other cars that were seized. For example, the 1967 Camaro Convertible has over $10,000 dollars of repairs, parts, and materials done at my body shop. I had loans on everything else including my house, and the Government knows the figures and has had all of this information with the payoffs that Gladys Griffith paid off without my consent or knowing of any wrongdoing, or if there was any wrongdoing. As I have stated throughout this entire case, I have no idea of any wrongdoing and there was certainly no wrongdoing on my part.

In answer to your questions in your email dated Friday, October 23, 2026, I will provide any information that I can about how the vehicles were obtained under oath. As far as the tax question you asked in your email, I have answered you and the court to the best of my knowledge and you did not send me a form to sign as the court ordered did not abide by the deadline. The form that you sent me said there are fees and I am not paying any fees for your

inquiries about my taxes. Feel free to pay the fees and I will sign it. Just remember, you violated a court order, but you told me to take that issue up with the court and hung up the phone abruptly.

The rest of the cars were bought with the beneficiary money that was legal money to my knowledge and were paid for out of the Berkshire account.

Respectfully submitted,

Robert E. FIsher
4223 State Highway 30
Amsterdam, New York 12010
518-866-4041
creativeautobodyanddetailing@gmail.com

____________________
Jacquelyn Fisher
4223 State Highway 30
Amsterdam, NY 12010

____________________
Robert Fisher
4223 State Highway 30
Amsterdam, NY 12010

____________________
Ryan Passino
4223 State Highway 30
Amsterdam, NY 12010